IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00558-KLM

ROBERT J. CLASEN,

    Plaintiff,

v.

NOVA SOUTHEASTERN UNIVERSITY INC.,

    Defendant.

_____

### MINUTE ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Defendant's **Motion to Stay Time to Respond to Motion for Summary Judgment** [#26] (the "Motion") and on the parties' **Consent/Non-Consent Forms** [#18, #24]. This lawsuit was filed on March 7, 2016. *See Compl.* [#1]. On April 4, 2016, Plaintiff, who proceeds as a pro se litigant, filed a Motion for Summary Judgment [#11] which addresses the merits of his case. On April 6, 2016, Defendant entered an appearance in this matter. *Notice* [#14]. On April 20, 2016, Defendant filed a Motion to Dismiss for Lack of Personal Jurisdiction [#19] pursuant to Fed. R. Civ. P. 12(b)(2). In the present Motion [#26], Defendant asks the Court to continue Defendant's deadline to respond to the Motion for Summary Judgment until after the personal jurisdiction issue is resolved. The Court agrees that it is appropriate to determine issues of jurisdiction before addressing the merits of the case. *See, e.g.*, *Al-Turki v. Tomsic*, No. 15-cv-00524-REB-KLM, 2015 WL 8758745, at *1 (D. Colo. Dec. 15, 2015) (citing cases). Accordingly,

    IT IS HEREBY **ORDERED** that the Motion [#26] is **GRANTED**. If necessary, Defendant shall file a response to Plaintiff's Motion for Summary Judgment [#11] fourteen (14) days after resolution of the Motion to Dismiss for Lack of Personal Jurisdiction [#19].[1]

---

[1] The Court notes that Plaintiff has expressed his intent to file an Amended Complaint in response to Defendant's Motion to Dismiss. *See Motion for Extension of Time to Am. Compl. as a Matter of Course* [#21]; *see also Minute Order* [#23] (noting that Plaintiff has until May 11, 2016, by which to file an Amended Complaint as a matter of course). If he does so, then both the Motion for Summary Judgment [#11] and the Motion to Dismiss [#19] will be moot. *See, e.g.*, *Strich v. United States*, No. 09-cv-01913-REB-KLM, 2010 WL 14826, at *1 (D. Colo. Jan. 11, 2010) (citations

Regarding the Consent/Non-Consent Forms, Plaintiff signed and filed one on April 20, 2016. *See* [#18]. However, he did not check the appropriate line regarding whether he consents or does not consent. *See id.* On April 26, 2016, Defendant filed a second form, signed by only Defendant and indicating that all parties consent. *See* [#24]. Defendant notes that Plaintiff had previously filed a signed form but does not mention the fact that Plaintiff did not check whether he consented on that form. *See id.* The Court must have a clearer statement regarding consent before this case can either be assigned to the undersigned pursuant to 28 U.S.C. § 636(c) or else reassigned to a District Judge. Accordingly,

IT IS HEREBY **ORDERED** that, **on or before June 6, 2016**, the parties shall file a Consent/Non-Consent Form, signed by both parties, indicating whether they **do** or **do not** consent to have a United States Magistrate Judge conduct all proceedings in this civil action, including trial, and to order the entry of a final judgment. *See* [#22] (setting consent form deadline for June 6, 2016).

Dated:  April 27, 2016

---

omitted) ("The filing of an amended complaint moots a motion to dismiss directed at the complaint that is supplanted and superseded."); *AJB Props., Ltd. v. Zarda Bar-B-Q of Lenexa, LLC*, No. 09-2021-JWL, 2009 WL 1140185, at *1 (D. Kan. April 28, 2009) (finding that amended complaint superseded original complaint and "accordingly, defendant's motion to dismiss the original complaint is denied as moot"); *Gotfredson v. Larsen LP*, 432 F.Supp.2d 1163, 1172 (D. Colo. 2006) (noting that defendants' motions to dismiss are "technically moot because they are directed at a pleading that is no longer operative"); *Dempsey v. Jason's Premier Pumping Servs., LLC*, No. 15-cv-00703-CMA-NYW, 2015 WL 4761191, at *2 (D. Colo. Aug. 13, 2015) (mooting a partial motion for summary judgment due to the filing of an amended complaint).